**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CANDACE NORED, JUSTIN NORED, | )<br>) |
| Plaintiffs, | ) No. CV 08-00008 PHX MEA<br>) |
| v. | ) ORDER<br>) |
| CITY OF TEMPE, ANDREW MAZOFF, | )<br>)<br>) |
| Defendants. | )<br>) |

All of the parties have consented to the exercise of magistrate judge jurisdiction over this matter, including the entry of final judgment. Before the Court is Defendant Mazoff's motion [Docket No. 13] to dismiss Plaintiff's state law claims against him.

**I.  Procedural History**

Plaintiffs, who are represented by counsel, filed a complaint in the Maricopa County Superior Court on November 30, 2007.

Plaintiffs' complaint alleges that, on February 9, 2007, Defendant Mazoff, a City of Tempe police officer, was sent to Ms. Nored's apartment.  Defendant Mazoff was sent to the apartment to do a "welfare check."  The complaint alleges Defendant Mazoff, acting within the scope and course of

employment, entered Ms. Nored's home without cause or her permission and that he physically assaulted her by, *inter alia*, forcing her to the ground. The complaint alleges Justin Nored, a minor child, witnessed the mistreatment of his mother.

As a result of the altercation with Defendant Mazoff, Plaintiff was arrested and charged with aggravated assault on Defendant Mazoff and with resisting arrest. Plaintiff was taken into custody and released after approximately 18 hours. The complaint further alleges Ms. Nored, who was pregnant at the time, did not receive appropriate medical care while in Defendants' custody. The complaint alleges Ms. Nored's pregnancy was terminated as a result of the injuries sustained by Ms. Nored at the time of her arrest and her treatment while in custody. The complaint states the criminal charges filed against Ms. Nored were later dismissed.

On or about August 6, 2007, Plaintiffs' counsel served the City Clerk for the City of Tempe with a "Notice of Claim" regarding the incident occurring on February 9, 2007. Defendants do not contest that Defendant Mazoff was no longer an employee of the City of Tempe on the date the notice of claim was served on the City of Tempe by Plaintiffs.

The complaint filed in state court on November 30, 2008, alleges both state law and federal law causes of action. On January 3, 2008, Defendant City of Tempe was served with the complaint and Defendant removed the matter to federal court. Defendant City of Tempe filed an answer to the complaint on January 4, 2008. Service of the complaint on Defendant Mazoff

was effectuated by publication on or about March 26, 2008. See Docket No. 12, Exh. 8.

Seven of the eight causes of action stated in the complaint are based on state common law. The complaint states causes of action against Defendants based on trespass by false imprisonment and false arrest (Count I); assault and battery (Count II); abuse of process and malicious prosecution (Count III); negligent infliction of emotional distress (Count IV); intentional infliction of emotional distress, physical assault, denial of medical care (Count V); defamation (Count VI); violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. § 1983 (Count VII); and negligent hiring, training, retention, monitoring, supervision, discipline, entrustment and investigation (Count VIII).

The complaint alleges Defendant Mazoff is liable to Plaintiffs for his actions in both his individual and official capacities and alleges Defendant Mazoff acted within the course and scope of his duties as an agent of Defendant City of Tempe. Plaintiffs further allege respondeat superior as a basis for the Defendant City of Tempe's liability to Plaintiffs for the actions of Defendant Mazoff and other City of Tempe employees with regard to Plaintiffs' state law claims. The complaint seeks general, special, compensatory, punitive, and exemplary damages.

On April 15, 2008, Defendant Mazoff filed a motion to dismiss Counts I through VI and Count VIII as against him, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. See Docket No. 13. Defendant Mazoff contends Plaintiffs'

1 state-law based claims against him are barred because
2 Plaintiffs did not comply with Arizona's "notice of claim"
3 statute, Arizona Revised Statutes § 12-821.01, by serving him
4 personally with a notice of claim prior to filing suit. Id.
5 at 3.  Defendant Mazoff has not filed an answer to the
6 complaint other than the motion to dismiss Plaintiffs' state-
7 law based claims.[1]

8   Plaintiffs contend the statute does not require dismissal
9 of Plaintiffs' state claims against Defendant Mazoff.
10 Plaintiffs argue that notice of Plaintiffs' claims was
11 effectively supplied to Defendant Mazoff by notification to
12 his employer, Defendant City of Tempe.  Plaintiffs
13 alternatively argue that the statute does not apply to the
14 claims against Defendant Mazoff because he was no longer
15 employed by Defendant City of Tempe at the time the notice of
16 claim was served. See Docket No. 20.

17   On May 9, 2008, Defendant Mazoff filed a reply in support
18 of his motion to dismiss the state law claims against him.  In
19 his reply Defendant contends "[a]ctual notice and substantial
20 compliance are insufficient to meet the requirements of the
21 notice of claim statute." See Docket No. 23 at 7.

---

[1] The Answer filed by Defendant City of Tempe asserts "said Notice of Claim fails to comply with Arizona Revised Statutes [] § 12-821.01." Docket No. 5 at 2. Defendant City of Tempe's answer also alleges Plaintiffs did not comply with the time limitations set forth in the statute. See id. at 6.

**II. Discussion**

The relevant Arizona statute provides, *inter alia*:

> A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.
> ***
> E. A claim against a public entity or public employee filed pursuant to this section is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days.

Ariz. Rev. Stat. Ann. § 12-821.01 (2003 & Supp. 2007). State law further requires that any legal suit predicated on a tort claim against a public entity or public employee must be brought within one year of the date the claim accrues. See id. § 12-821.[2]

Defendant Mazoff asserts that Plaintiffs' failure to comply with a specific requirement of the statute, i.e., the failure to serve him individually as a "public employee," bars any state law claim against him. Plaintiffs allow they did not serve a notice of claim on Defendant Mazoff individually. Plaintiffs argue that they substantively complied with the requirements of the statute or, alternatively, that individual service on Defendant Mazoff was not required because he was

---

[2] The statutes also preclude punitive or exemplary damages. Ariz. Rev. Stat. Ann. § 12-820.04 (2003 & Supp. 2007).

- 5 -

1 not a "public employee" at the time of service of the notice
2 of claim.

3   Both Plaintiffs and Defendant have attached documents
4 and information to their pleadings.  Attached to Defendant's
5 motion is a copy of the notice of claim served by Plaintiffs
6 on Defendant City of Tempe.  Plaintiffs attach to their
7 response to the motion to dismiss, *inter alia*, correspondence
8 with Defendant City of Tempe regarding Plaintiffs' attempts to
9 locate Defendant Mazoff and an affidavit signed by an
10 investigator and security consultant regarding the difficulty
11 of serving police officers with legal notice.  See Docket No.
12 20.

13   Defendant Mazoff's motion is brought pursuant to Rule
14 12(b)(6), Federal Rules of Civil Procedure, which requires
15 dismissal for failure to state a claim for relief.[3]  Rule

16 _____

[3] The outcome of the merits of the issue is the same under either analysis, but it is arguable whether the question presented by Defendant Mazoff is more properly analyzed pursuant to Rule 12(b)(1).  Rule 12(b)(1) provides for dismissal of a claim when the Court does not have subject matter jurisdiction over the claim.  See, e.g., Thornhill Publ'g Co. v. General Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979).  The Arizona state courts' decisions on point have not been entirely consistent with regard to whether failure to comply with the statute deprives the court of jurisdiction over the claim.  Compare Salerno v. Espinoza, 210 Ariz. 586, 588, 115 P.3d 626, 628 (Ct. App. 2005) (stating compliance with the notice provision of § 12-821.01(A) is a "mandatory" and "essential" prerequisite to such an action and that a plaintiff's failure to comply "bars any claim."), and Mammo v. Arizona, 138 Ariz. 528, 531, 675 P.2d 1347, 1350 (Ct. App. 1983) (stating the requirement of serving notice on the putative defendant is a jurisdictional requirement and that the state Superior Court does not have jurisdiction over a claim until after notice is served), and Dassinger v. Oden 124 Ariz. 551, 552, 606 P.2d 41, 42 (Ct. App. 1979) (finding compliance with the "specific amount" provision was jurisdictional, which holding was disagreed with in Pritchard and Young), with Young v. City of Scottsdale, 193

- 6 -

1   12(b)(6) bars consideration of matters outside the pleadings,
2   with certain exceptions.[4]  See Hal Roach Studios, Inc. v.
3   Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.
4   1990).  When deciding a Rule 12(b)(6) motion, the Court may
5   not look beyond the complaint "'to a plaintiff's moving
6   papers, such as a memorandum in opposition to a defendant's
7   motion to dismiss.'"  Mason v. Arizona, 260 F. Supp. 2d 807,

---

Ariz. 110, 113, 970 P.2d 942, 945 (Ct. App. 1998) (finding the statute procedural and subject to substantial compliance, which latter holding was expressly rejected by Deer Valley Unified Sch. Dist. No. 97 v. Houser, 214 Ariz. 293, 152 P.3d 490, 495 (2007), and Ames v. Arizona, 143 Ariz. 548, 694 P.2d 836 (Ct. App. 1985) (holding that the plaintiff's failure to allege their compliance with the statutory notice requirements was not a jurisdictional defect).  Cf. Pritchard v. Arizona, 163 Ariz. 427, 430, 788 P.2d 1178, 1181 (1990) (stating, with regard to section 12-821, that "filing a timely claim is not a jurisdictional prerequisite to bringing suit, but is a requirement more analogous to a statute of limitations," but interpreting an earlier version of the statute that allowed for "excusable neglect").  See also McGrath v. Scott, 250 F. Supp. 2d 1218, 1236 (D. Ariz. 2003) (refusing to consider exhibits submitted by the parties in a Rule 12(b)(6) motion involving the timeliness of a notice of claim under § 12-821.01 because the requirement was not jurisdictional in nature, but relying on Young, which has now been expressly rejected).  The reasoning applied in Pritchard, which analogized the time limitations in section 821 to a statute of limitations, is not clearly transferrable to section 821.01, which contains substantive in addition to temporal requirements.
    Consideration of the materials attached to the pleadings on the motion would be allowed under Rule 12(b)(1), however, the materials relate to Plaintiffs' claims of substantial compliance, actual notice, or the theory that service should be waived as impossible for Defendant Mazoff's efforts to evade service, which, as explained infra, fail as a matter of law.

    [4] The Court may consider materials attached to Rule 12(b)(6) pleadings if they are materials of which the court may take judicial notice.  The Court may also consider matters of public record, including court orders and pleadings in related or underlying cases which have a direct relation to the matters at issue.  See Barron v. Reich, 13 F.3d 1370, 1377 & n.2 (9th Cir. 1994); Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

814 (D. Ariz. 2003), quoting Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 (9th Cir. 1998). Rule 12(c) requires that, when matters outside the complaint are considered by the Court on a motion to dismiss, the motion should be treated as one for summary judgment. See San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998).

As explained more fully, infra, the Court concludes the statute does not allow for substantial compliance with its substantive provisions and that Defendant Mazoff was a "public employee" upon whom separate service of a notice of claim was required. The parties do not disagree about the fact that Defendant Mazoff was not individually served with a separate notice of claim by Plaintiffs within the time stated in the state notice of claim statute. Accordingly, because it is not necessary to consider the materials attached to the pleadings on the motion to dismiss to resolve the motion, the motion is resolved pursuant to Rule 12(b)(6) and the Court will not convert the matter to one seeking summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

When a federal court exercises pendent jurisdiction over state law claims the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court. See, e.g., Redner v. Citrus County, 710 F. Supp. 318, 321 (M.D. Fla. 1989). Cf. Felder v. Casey, 487 U.S. 131, 151, 108 S. Ct. 2302, 2313 (1988) (making this statement in the context of holding that a state notice of

claim statute did not apply to the plaintiff's 42 U.S.C. § 1983 claims).

As stated supra, Arizona's notice of claim (or intent to sue) statute provides, in relevant part:

> A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon...

Ariz. Rev. Stat. Ann. § 12-821.01 (2003 & Supp. 2007).

The trajectory of the Arizona legislature's position on this statute has been to strengthen and specify the requirements of the statute. The state legislature has amended the statute to affirm that the statute's requirements are to be strictly applied. See, e.g., Deer Valley Unified Sch. Dist. No. 97 v. Houser, 214 Ariz. 293, 298 n.6, 152 P.3d 490, 495 n.6 (2007) ("Houser") (noting the notice of claim statute was amended in 1992 to counter state court opinions that had applied a "reasonableness" standard for compliance with the "specific amount" requirements of the statute).

In expressly rejecting the decision in Young v. City of Scottsdale, 193 Ariz. 110, 113, 970 P.2d 942, 945 (Ct. App. 1998), the Arizona Supreme Court's Houser opinion held that the statute's "specific amount" requirement was not subject to a "reasonableness" analysis and that actual notice and

- 9 -

substantial compliance could not be applied to allow a plaintiff's claims to proceed. See 214 Ariz. at 299, 152 P.3d at 496 (holding that the plaintiff's claim letter satisfied the statute, however, also noting dismissal might be appropriate based on the plaintiff's failure to comply with the statute's time limitations). See also Martineau v. Maricopa County, 207 Ariz. 332, 337, 86 P.3d 912, 917 (Ct. App. 2004)(rejecting substantial compliance and actual notice arguments but concluding the statute did not apply because the suit was for declaratory rather than monetary relief).

The state court's opinion in Houser cites to its prior decision in another en banc decision of the Arizona Supreme Court. The issue in that case was whether the plaintiff was required to effect service of a notice of claim in compliance with the state rule regarding service of a legal complaint. See Falcon ex rel. Sandoval v. Maricopa County, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (2006) (en banc). In Falcon, the Arizona Supreme Court stated:

> If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute. Salerno v. Espinoza, 210 Ariz. 586, 589, ¶ 11, 115 P.3d 626, 629 (App. 2005). Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A).

Id. (reversing the Court of Appeals and affirming summary judgment in favor of a public entity defendant because the plaintiff had served only one member of the county Board of Supervisors because it could not be said that this constituted service on the executive officer of the public entity, i.e., the Board of Supervisors, as a whole).

The Arizona Court of Appeals has repeatedly held that the doctrines of substantial compliance and actual notice of a claim may not be applied to allow a suit to proceed when a plaintiff has not strictly complied with the substantive terms of the statute. In <u>Harris v. Cochise Health Systems</u>, the intended individual defendant had herself received and reviewed the notice of claim as statutory agent for the public entity, however, the intended individual defendant was not named in the notice of claim. The Arizona Court of Appeals concluded the plaintiff's state claims against the individual defendant public employee must be dismissed for the plaintiff's failure to give separate notice to the individual defendant, even though she had "actual" notice of the claim. <u>See</u> 215 Ariz. 344, 351-52, 160 P.3d 223, 230-31 (2007) ("Failure to comply with the statute is not cured by actual notice or substantial compliance.").

In <u>Johnson v. Superior Court</u>, the specific question presented by special action to the Arizona Court of Appeals was whether the statute required separate service of a notice of claim on individual police officers in addition to the public entity. The case involved a plaintiff's allegation that police officers used excessive force in the context of an arrest. The Court of Appeals held that separate service on the individual officers was required.[5] 158 Ariz. 507, 508,

---

[5] The <u>Johnson</u> court further declared the failure of the plaintiff to serve separate notices on the officers did not require dismissal of the claims because, under the previous version of the statute, the officers might be entitled to indemnification from the plaintiff's counsel if found liable at trial.

- 11 -

763 P.2d 1382, 1383 (1988). Additionally, although not the precise issue before that court, in Crum v. Superior Court the Arizona Court of Appeals stated that compliance with the statute requires notice to "both" the individual public employee and the public entity when the plaintiff alleges the tortious acts of the individual were within the scope of their employment. See 186 Ariz. 351, 352, 922 P.2d 316, 317 (1996) (concluding a letter sent to the public employee was substantively inadequate to fulfill the statute but that compliance was not required because the plaintiff did not allege the public employee was acting within the scope and course of their employment).

The undersigned further notes the state Court of Appeals very recently concluded judgment as a matter of law was appropriate when the plaintiff had not strictly complied with the substantive terms of the statute. The Arizona Court of Appeals held that the "'substantial compliance' rationale" proffered by the plaintiff had been "superseded by the strict requirements of A.R.S. § 12-821.01." City of Phoenix v. Fields, ___ P.3d ___, 2008 WL 1796039, at *7 & n.8 (Apr. 22, 2008) (stating this in a case deciding, as a matter of first impression, that class action suits must comply with the statute and the plaintiffs' notice of claim failed because it did not state a sum certain for which the plaintiffs would settle their claims).[6]

---

[6] Other unpublished opinions of the District Court considering the issue have concluded that strict compliance with the statute and separate individual service are required. See Louis Baker v.

- 12 -

The outcome of the motion to dismiss is controlled by the holdings of Johnson and Harris. Accordingly, the material submitted by Plaintiffs regarding the difficulty of serving notice on Defendant Mazoff is irrelevant because the statute does not allow for the requirement of separate service of a notice of claim on an individual defendant to be excused or waived because service of a notice of claim on the individual was difficult or impractical.[7] Additionally, there is no published legal opinion binding on this Court supporting Plaintiffs' contention that service on Defendant Mazoff was not required because he was no longer a "public employee" at the time of service of the notice of claim on the City of Tempe. The term "public employee" is defined by the statute

---

City of Tempe, 2008 WL 2277882, at *2 (D. Ariz.) (holding the plaintiff's failure to serve individual notices of claim on the individual defendants barred the state law claims against those defendants); DeBinder v. Albertson's, Inc., 2008 WL 828789, at *3 (D. Ariz.); Ramsey v. Arizona, 2007 WL 779663, at *2-*3 (D. Ariz.) (concluding that the statute did not allow for excusable neglect with regard to a pro se plaintiff's failure to serve notice of a claim on an individual defendant and affirming dismissal of the state law-based claim for malicious prosecution).

[7] The statute allows for the "filing" of a notice of claim by service of the notice of claim upon a person authorized to accept service of a legal summons for the individual tortfeasor in compliance with the Arizona Rules of Civil Procedure. Accordingly, Plaintiffs could arguably have effectuated service of a notice of claim on Defendant Mazoff by service of the notice of claim by means of publication. See Ariz. R. Civ. P. 4.1(n) (2007). But see Lee v. Arizona, 218 Ariz. 235, 182 P.3d 1169, 1172 (2008) (stating that to successfully "file" a notice of claim requires actual receipt by the public entity because of the statute's language regarding service on a "person" authorized to accept service for the entity or individual, but declining to interpret "'file' to forbid a claimant from proving a contested filing by pointing to the fact of mailing"). However, Plaintiffs do not assert that they timely attempted service of a notice of claim on Defendant Mazoff by any means.

- 13 -

and interpreted by the state courts as someone who was an employee at the time of the events giving rise to the purported liability because, otherwise, the individual's actions would not implicate the public entity's liability. See Ariz. Rev. Stat. Ann. § 12-802(5) (2003 & Supp. 2007) ("'Public employee'" means an employee of a public entity."); McCloud v. Ariz. Dep't of Pub. Safety, 170 P.3d 691, 699 (Ct. App. 2007) (holding the statute is intended to address the torts and breaches of those acting within the course and scope of their employment). The definition of the term advocated by Plaintiffs would thwart legislative intent in contravention of the plain language of the statute.

### III. Conclusion

Plaintiffs do not dispute that they did not serve a separate notice of claim on Defendant Mazoff. The Court concludes that compliance with the substantive terms of Arizona's notice of claim statute is not susceptible to the theories of actual notice, substantial compliance, or waiver for impossibility. Additionally, the Court is not persuaded that the definition of "public employee" proffered by Plaintiffs should be adopted to allow that service of a separate notice of claim on Defendant Mazoff was not required because he was not a public employee at the time the notice of claim was served on Defendant City of Tempe. Accordingly, the state-law based claims against Defendant Mazoff must be dismissed with prejudice.

**IT IS ORDERED that** Defendant Mazoff's motion to dismiss at Docket No. 13 is **granted**.  Counts I through VI and Count VIII of the complaint as against Defendant Mazoff only are hereby dismissed with prejudice.

DATED this 26th day of June, 2008.

_____
Mark E. Aspey
United States Magistrate Judge